IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-02326-RM-SBP

SANDRA SCHISSLER,
KARLY SISSEL, and
DERRICK HITTSON, individually and as representatives of a class of similarly situated persons, and on behalf of the Janus 401(k) and Employee Stock Ownership Plan,

    Plaintiffs,

v.

JANUS HENDERSON US (HOLDINGS) INC.,
JANUS HENDERSON ADVISORY COMMITTEE, and
JOHN AND JANE DOES 1-30,

    Defendants.

---

## ORDER

---

This lawsuit brought under the Employee Retirement Income Security Act ("ERISA") is before the Court on the Recommendation of United States Magistrate Judge Susan Prose (ECF No. 50) to grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 39). Plaintiffs and Defendants filed Objections to Recommendation (ECF Nos. 51, 52) as well as Responses and supplemental briefing (ECF Nos. 53, 54, 55, 56). For the reasons below, the Court overrules the Objections and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (quotation omitted). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Dismissal under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, a court need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements or allegations plainly contradicted by properly considered documents or exhibits. *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above

the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.   BACKGROUND

No party objected to the magistrate judge's recitation of the relevant factual allegations, which the Court adopts in full while abbreviating here. Plaintiffs are participants in a defined-contribution employee pension benefit plan (the "Plan") sponsored by Defendant Janus Henderson US (Holdings) Inc. ("Janus Henderson") and administered by Defendant Janus Henderson Advisory Committee (the "Committee"). Plaintiffs bring this action on behalf of themselves, the Plan, and a putative class of similarly situated participants and beneficiaries of the Plan who were invested on or after September 9, 2016, excluding any persons with responsibility for the Plan's administrative functions or investments. (ECF No. 31, ¶ 69.)

Janus Henderson is an investment management company, and all its proprietary funds (the "JH Funds") are included in the Plan's investment menu from which participants may choose investments for their individual accounts. Plaintiffs allege that this arrangement harms participants because there are other available investments that are less costly and achieve greater returns than the JH Funds and the JH Funds are automatically included as investment options regardless of their relatively poor performance. Plaintiffs further allege that this arrangement benefits Janus Henderson at the expense of Plan participants because it earns profits and management fees on additional investments in its own funds and is able to "seed" new and unproven proprietary funds.

Although the Committee is charged with overseeing and managing the Plan's investments, the terms of the Plan require that the JH Funds be included in the investment menu unless Janus Henderson removes them or amends the Plan.  Plaintiffs allege that Defendants' "favoritism" of the JH Funds "has led to the payment of excessive investment management fees by participants to Janus Henderson, a failure to prudently monitor and remove the underperforming proprietary Janus Henderson Funds, and a failure to engage in a prudent and loyal process in the selection of new Plan investments." (*Id.* at ¶ 44.)

Thus, Plaintiffs' allege that Defendants breached their fiduciary duty of prudence by offering inappropriate investment options and their fiduciary duty of loyalty by benefiting from the Plan at Plaintiffs' expense. According to the Amended Complaint, Defendants' alleged favoritism of the JH Funds took several forms over the putative class period.  First, the JH Funds, which were "essentially the only actively managed investments available to participants," resulted in higher fees compared to nonproprietary alternatives.  (*Id.* at ¶¶ 45, 46.)  Second, Defendants failed to remove JH Funds from the investment menu despite their chronic underperformance.  (*Id.* at ¶ 52.)  Third, Defendants automatically added new JH Funds to the Plan's menu before they had an adequate track record demonstrating they were prudent investments.  (*Id.* at ¶¶ 62, 63.)  In addition to their breach of fiduciary duty claim against both Defendants, Plaintiffs assert a derivative claim for failure to monitor fiduciaries against Janus Henderson only.

Defendants filed a Motion to Dismiss (ECF No. 39), which was referred to the magistrate judge for a Recommendation.  After it was fully briefed (ECF Nos. 45, 46, 48), the magistrate issued the Recommendation.

As a threshold matter, the magistrate judge rejected Defendants' assertion that Plaintiffs lack standing to bring their claims. Next, the magistrate judge turned to whether Plaintiffs stated a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). The magistrate judge framed Plaintiffs' breach of fiduciary claim against Janus Henderson as premised on four sets of allegations, that it (1) designed the Plan to mandate offering all JH Funds; (2) failed to amend the Plan to remove that mandate; (3) failed to otherwise remove any of the JH Funds or override the terms of the Plan; and (4) failed to use a prudent and loyal process to select the investment options in the Plan because the JH Funds had above-average expenses without commensurate performance. (ECF No. 50 at 31-32.)

The magistrate judge determined that writing and failing to amend the Plan documents were settlor functions to which no fiduciary duty attached because Janus Henderson was acting in its role as the Plan sponsor; therefore, the first two sets of allegations failed to state a claim for relief. But the magistrate judge agreed with Plaintiffs that failing to remove underperforming funds or to employ a reasonable selection process for investment options were administrative functions that could support a claim for breach of fiduciary duty and therefore concluded the third and fourth sets of allegations state a claim for relief against Janus Henderson.

Regarding the Committee, the magistrate judge found it "was a fiduciary with respect to offering the JH Funds, regardless that the Plan and related documents said those funds were outside the Committee's discretion." (ECF No. 50 at 34.) Accordingly, the magistrate judge concluded that Plaintiffs should be able to proceed with their claims against the Committee premised on the theories that it failed to remove or suspend JH Funds from the investment

5

options available and employed a faulty selection process in choosing or managing the investment options of the Plan.

### III.   ANALYSIS

No party objected to the magistrate judge's consideration of certain documents outside the Complaint, and the Court agrees that these are appropriately considered here. They include relevant portions of the Plan (ECF No. 40-1) and an investment policy statement promulgated by the Committee (ECF No. 40-3).

#### A.   Plaintiffs' Partial Objection

Plaintiffs state that they largely agree with the Recommendation. They nevertheless object to it "to the extent it suggests that the acts of selecting and monitoring the investments in a 401(k) plan are not subject to ERISA's fiduciary standards." (ECF No. 51 at 2.) But the Recommendation does not state or suggest that selecting and monitoring the Plan's investment options are not fiduciary functions. Rather, it draws a well-supported distinction between, on one hand, settlor functions performed by Janus Henderson by establishing the Plan—including drafting the Plan and providing that the JH Funds could only be removed through amendment—and, on the other, administrative ones pertaining to how the Plan, once established, was managed.

"In general, an employer's decision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the employer's fiduciary duties which consist of such actions as the administration of the plan's assets." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999); *see id.* ("ERISA's fiduciary duty requirement simply is not implicated where [the employer], acting as the Plan's settlor, makes a decision regarding the form or

6

structure of the Plan . . . ."); *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) ("Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries."). Plaintiffs fail to cite a single example where an employer was found to be acting as an ERISA fiduciary when it drafted or declined to amend its plan documents, and the Court finds the magistrate judge's distinction between settlor and administrative functions is supported under applicable law.

Plaintiffs acknowledge that "[a]s a practical matter, it is unlikely that this error in the Recommendation's analysis would impact the outcome of this case." (ECF No. 51 at 4.) Because this case will proceed on Plaintiffs breach of fiduciary duty claims based on the assertions that Defendants employed a faulty selection process for choosing investment options and failed to remove the JH Funds despite their high cost and poor performance, the Court is likewise at a loss to see how sustaining their Objection would alter the trajectory of this case. Therefore, the Court overrules Plaintiffs' Objection.

      **B.**    **Defendants' Limited Objection**

Defendants first argue that the magistrate judge erred by concluding the Committee was a fiduciary with respect to the JH Funds. Defendants contend that the Plan, by design, gave the Committee discretionary authority solely over non-JH Funds and that it had no authority over the JH Funds. But according to the Amended Complaint, the Committee is a named fiduciary of the Plan, and it is generally responsible for promulgating the Plan's investment policy statement, selecting the core funds available under the Plan, reviewing the funds for compliance with the investment policy statement, and making revisions to the investment policy statement to reflect changing conditions within the Plan or the investment environment or as the Committee sees fit. (ECF No. 31, ¶¶ 28, 30.) Although these obligations may be in some tension with the mandate

to offer all the JH Funds as investment options, it is far from clear that the Plan requires the Committee to completely refrain from monitoring and managing the JH funds as Defendants would have it.  Taking Plaintiffs' allegations as true, the Court agrees that they show the Committee had fiduciary responsibility for both the JH Funds and the non-JH Funds offered as investments under the Plan.

Moreover, the Court agrees with the magistrate judge's conclusion that ERISA's statutory duties override the Plan's mandate to offer—and continue offering—all JH Funds as investment options unless Janus Henderson amends the Plan.  In the context of an employee stock ownership plan, the Supreme Court has held that "the duty of prudence trumps the instructions of a plan document, such as an instruction to invest exclusively in employer stock even if financial goals demand the contrary."  *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014).  Moreover, "trust documents cannot excuse trustees from their duties under ERISA."  *Id.* at 422 (quotation omitted).  Defendants appear to suggest that because offering proprietary funds is sometimes permissible, it must always be.  But they cite no authority supporting the proposition that the twin duties of prudence and loyalty may be circumvented with a mandate that proprietary funds be offered.  And, pursuant to 29 U.S.C. § 1104(a)(1)(D), ERISA fiduciaries are required to follow plan documents only insofar as they are consistent with their duty of prudence.  *See In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 913 (E.D. Mich. 2004).  Therefore, the Court is not persuaded that the Plan limits the Committee's statutory duties in the manner Defendants suggest.

Further, in its investment policy statement, the Committee describes circumstances which might lead to the termination of non-JH Fund investment options; it then goes on to state as follows:

> Notwithstanding the forgoing discussion regarding performance evaluation, the Advisory Committee believes that the unique position of the Corporation in the investment advisory business . . . offers added opportunities to plan participants to participate in the growth and success of their employer. The Advisory Committee will therefore offer, on an extended basis, [JH Funds] as *additional options* within specific asset classes and not part of a *"broad range"* of Investment Options as defined by ERISA 404c.

(ECF No. 40-3 at 11.) This passage—along with the Committee's express authority to revise the investment policy statement—suggests that the Committee had at least some discretion to decide how the JF Funds were offered, creating the potential for fiduciary liability notwithstanding the Plan language mandating their inclusion. *See CMS Energy*, 312 F. Supp. at 914 (dismissing breach of fiduciary duty claims premised on failure to amend the terms of the plan while allowing claims premised on alleged broader management and administrative powers to proceed). In short, the Court is not persuaded that Plaintiffs' allegations are insufficient to establish that the Committee had a no fiduciary duty vis-a-vis the JH Funds.

Defendants next argue the magistrate judge erred by concluding the Amended Complaint adequately alleges that although Janus Henderson acted as a settlor when it drafted and declined to amend the Plan, it acted as a fiduciary when it selected the funds for the Plan and when it failed to override the Plan's terms to remove certain JH Funds. However, "the trustee under ERISA may wear different hats." *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000). An ERISA fiduciary's duty is derived from the common law of trusts and includes the requirement "to conduct regular review of its investment with the nature and timing of the review contingent on

9

the circumstances." *Tibble v. Edison Int'l*, 575 U.S. 523, 528 (2015).  "ERISA plan fiduciaries must discharge their duties 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'"  *Hughes*, 595 U.S. at 172 (quoting 29 U.S.C. § 1104(a)(1)(B)).

Here, contrary to Defendants' argument, the magistrate judge did not find that the decision to offer the JH Funds—standing alone—was sufficient to infer a fiduciary breach or a flawed selection process.  Instead, the magistrate judge found that "once the Plan was in place, ERISA's statutory duties of loyalty and prudence in selecting investment controlled over the Plan's instruction to offer all JH Funds."  (ECF No. 50 at 32.)  "A plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones."  *See Tibble*, 575 U.S. at 530.  The Court agrees that Plaintiffs' allegations are sufficient to state a claim that Defendants failed to meet their continuing duty to monitor the Plan's investments and remove imprudent ones.  *See id.* at 529.

Defendants' contention that the magistrate judge should have considered the process by which non-JH Funds were selected for inclusion in the Plan is unavailing.  It is well established that a plan administrator cannot insulate itself from liability for including imprudent investment options simply by offering others that are satisfactory.  *See Hughes v. Northwestern Univ.*, 595 U.S. 170, 173 (2022).  Thus, whether some investment options were properly selected is irrelevant in a case like this one.  The Court discerns no error in the magistrate judge's failure to analyze how Defendants selected the Plan's non-JH Fund investment options in reaching the determination that Plaintiffs adequately alleged Defendants breached the duty of prudence.

10

Defendants additionally argue that the magistrate judge erred by concluding Plaintiffs met their burden of providing meaningful benchmarks, as required under *Matney v. Barrick Gold of N. Am.*, 80 F. 4th 1136, 1157 (10th Cir. 2023), to support their allegations of excessive fees and underperformance. However, the Court is not persuaded that Plaintiffs' allegations are conclusory or insufficient. Plaintiffs provide multiple analyses indicating that expense ratios for the JH Funds were higher than those of similar funds and that the JH Funds did not perform as well as similarly situated funds. The Amended Complaint contains several charts documenting and comparing fund performance in multiple categories. Though these analyses are subject to counter-analyses and debate as to the appropriateness of the comparators, even if Defendants ultimately prevail on the merits, such issues are not suitable for resolution at the motion to dismiss stage. The Court finds Plaintiffs' allegations are distinguishable from the allegations found to be insufficient to provide a meaningful benchmark in *Matney*. *Cf. id.* at 1158.

Defendants' contention that Plaintiffs failed to allege a violation of the duty of loyalty is similarly unavailing. Defendants argue the magistrate judge erred by concluding Plaintiffs' allegations for breach of the duty of loyalty were sufficient to state a claim because inclusion of proprietary funds is permissible and that any benefit Janus Henderson received from the arrangement was incidental. But Plaintiffs allege that, in addition to the excessive fees Janus Henderson received from the JH Funds, mandating the JH Funds be included in the Plan allowed it to "seed" new proprietary funds, benefiting Janus Henderson at the expense of Plan participants who chose to invest in the JH Funds. Although there are factual disputes as to whether any benefit to Defendants was merely incidental, the Court agrees that Plaintiffs' allegations are sufficient to state a claim.

Finally, Defendants object in passing to the magistrate judge's conclusion that Plaintiffs have standing, arguing they failed to allege they suffered cognizable harm. Noting the absence of Tenth Circuit authority on whether an ERISA plan participant who suffers a loss has standing to sue on behalf of the plan, the magistrate judge agreed with the analysis in *Anderson v. Coca-Cola Bottlers' Ass'n*, 2022 WL 951218, at *3-4 (D. Kan. Mar. 30, 2022), where the court held that an ERISA plaintiff is entitled to represent the interests of other injured participants in a derivative capacity, observing that this appears to be the position of the majority of the courts that have considered the issue. *See, e.g.*, *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, 563 F. Supp. 3d 678, 683 (E.D. Mich. 2021) ("[A]s long as the Complaint contains broad allegations that the fiduciaries violated ERISA, claims regarding specific funds are allowed to move forward at the motion to dimiss stage even if not all of the named plaintiffs participated in every one of the individual funds."); *McGowan v. Barnabas Health, Inc.*, 2021 WL 1399870, at *4 (D.N.J. Apr. 13, 2021) (unpublished); *see also Jones v. DISH Network Corp.*, No. 22-cv-00167-CMA-STV, 2023 WL 2644081, at *3 (D. Colo. Mar. 27, 2023). The magistrate judge further concluded that this was consistent with the language in 29 U.S.C. § 1109(a), which holds fiduciaries liable for "any losses to the plan." *See also* 29 U.S.C. § 1132(a)(2) (permitting civil enforcement by, inter alia, plan participants). In their Objection, Defendants do not meaningfully address the magistrate judge's thorough analysis of this issue (*see* ECF No. 50 at 13-18) and devote only a brief paragraph to it. Defendants employed a similarly cursory approach in their Motion to Dismiss. (ECF No. 39 at 7-8; *see also* ECF No. 46 at 10 n.11.) Assuming they did not waive the issue, the Court is persuaded that Plaintiffs have standing. *See McGowan*, 2021 WL 1399870, at *4 (noting that courts "have generally rejected the argument

that a plaintiff's ERISA challenge must be confined to the individual funds in which he or she invested"); *see also Jones*, 2023 WL 2644081, at *3.

## IV. CONCLUSION

Accordingly, the Objections (ECF Nos. 51, 52) are OVERRULED, and the Recommendation (ECF No. 50) is ACCEPTED.  Defendants' Motion to Dismiss (ECF No. 39) is GRANTED IN PART and DENIED IN PART, as set forth in the Recommendation and this Order.

DATED this 22nd day of January, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge